**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAGEHOME BRANDS, LLC d/b/a NEW BATH TODAY, | ) | |
| | ) | Case No. 1:26-cv-12550 |
| Plaintiff, | ) | |
| v. | ) | |
| NEW BATH, LLC, | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sagehome Brands, LLC d/b/a New Bath Today files this Complaint against New Bath, LLC and alleges as follows:

**PARTIES**

1. Sagehome Brands, LLC ("Sagehome") is a Delaware limited liability company that has a principal place of business at 5520 West 76th Street, Indianapolis, Indiana, 46268.

2. New Bath Today is an assumed business name of Sagehome.

3. New Bath Today is also an assumed business name of Midwest Bath, LLC ("Midwest Bath"). Midwest Bath is a subsidiary of Sagehome.

4. Defendant, New Bath, LLC (the "Infringing Entity"), is an Illinois limited liability company, with a principal address at 277 Willington Way, Oswego, Illinois 60543.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over Sagehome's claims pursuant to 28 USC §§ 1331 and 1338, as Sagehome's claims arise under 15 U.S.C. § 1114

and 15 U.S.C. § 1125(a)(1)(A). This Court has supplemental jurisdiction over Sagehome's state law claims pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over New Bath, LLC because it is a registered Illinois corporation, has a principal place of business in Illinois, and committed acts of trademark infringement in Illinois.

7. Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events that gave rise to the claims occurred in this District, and the Infringing Entity is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

8. Sagehome was formed to build a national aging-in-place and bathroom remodeling platform, including through the acquisition, integration, and development of multiple regional bath remodeling businesses.

9. New Bath Today was SageHome's first bath-division acquisition and served as the foundational platform for Sagehome's bath remodeling business.

10. New Bath Today had substantial value to Sagehome because of its established operations, customer goodwill, vendor and product relationships, market reputation, and ability to support broader regional and national growth.

11. Following the acquisition of New Bath Today, Sagehome pursued additional acquisitions and expansion initiatives as part of a broader national brand-building strategy, including Midwest Bath, a bath remodeling company headquartered in Moline, Illinois.

12. Midwest Bath was acquired as part of Sagehome's broader effort to provide a national, full-service home modification and bath remodeling solution in the United

States.

13. Sagehome has been and is moving to consolidate under the "New Bath Today" brand.

14. Sagehome, through its various acquired entities, operates in 19 states and over 400 cities in Alabama, Arkansas, Colorado, Connecticut, Florida, Illinois, Indiana, Iowa, Kentucky, Massachusetts, Michigan, Mississippi, Nebraska, Ohio, South Dakota, Tennessee, Texas, Utah, and parts of Wyoming.

15. The name New Bath Today was registered with the Illinois Secretary of State on May 20, 2020, as an assumed business name of Midwest Bath.

16. New Bath Today's domain is <newbathtoday.com> ("New Bath Domain")

17. The New Bath Domain was obtained in July 2016.

18. In the website that resolves from the New Bath Domain ("New Bath Website"), New Bath Today advertises that it can "Transform Your Shower In as Little as One to Two Days".

19. New Bath Today also markets its ability to provide "Customized Solutions Tailored to Your Needs."

**SAGEHOME'S TRADEMARKS**

20. Sagehome uses and licenses registered trademarks to market its services in the U.S., including the following federally registered marks related to New Bath Today ("Marks"):

| Mark | U.S. Reg. No. | Goods Description | Date of First Use |
|---|---|---|---|
| NEW BATH TODAY | 5999920 | IC 011: Bathtubs and showers, namely, whirlpool baths, bath installations, shower and bath cubicles, shower heads, | 1/2/2017 |

| Mark | U.S. Reg. No. | Goods Description | Date of First Use |
|---|---|---|---|
| | | shower and bathtub doors, water diverters for showers and baths, shower and bath spouts, bidets, lavatories, sinks, sink pedestals, walk-in baths.<br><br>IC 037: Installation of bathtubs and showers, namely, whirlpool baths, shower and bath cubicles, shower heads, shower and bath doors, water diverters for showers and baths, shower and bath spouts, bidets, lavatories, sinks, sink pedestals, walk-in baths. | |
| NEW BATH TODAY | 5999921 | IC 011: Bathtubs and showers, namely, whirlpool baths, bath installations, shower and bath cubicles, shower heads, shower and bathtub doors, water diverters for showers and baths, shower and bath spouts, bidets, lavatories, sinks, sink pedestals, walk-in baths.<br><br>IC 037: Installation of bathtubs and showers, namely, whirlpool baths, shower and bath cubicles, shower heads, shower and bath doors, water diverters for showers and baths, shower and bath spouts, bidets, lavatories, sinks, sink pedestals, walk-in baths. | 1/2/2017 |

21. Sagehome was assigned the rights to the Marks on October 10, 2025.

22. The Marks have been used exclusively and continuously and have never been abandoned.

23. The Marks are valid and are in full force and effect. A true and accurate copy of the Registration Certificates for the Marks are attached hereto as **<u>Exhibits A and B</u>**.

24. The Marks constitute prima facie evidence of their validity and of

Sagehome's exclusive right to use the trademarks pursuant to 15 U.S.C. § 1057(b).

25. The Marks perform an important source-identifying function for New Bath Today's goods and services, signifying to customers that the services provided by New Bath Today are administered by trained and authorized service providers.

26. The Marks are inherently distinctive and unique.

27. In addition, Sagehome has expended significant time, money, and resources in developing, marketing, advertising, promoting, and selling its products and services under the Marks throughout Alabama, Arkansas, Colorado, Connecticut, Florida, Illinois, Indiana, Iowa, Kentucky, Massachusetts, Michigan, Mississippi, Nebraska, Ohio, South Dakota, Tennessee, Texas, Utah, and parts of Wyoming.

28. The market reputation and consumer goodwill associated with the Marks are of incalculable and inestimable value to Sagehome.

29. Sagehome has never given the Infringing Entity authority or license to use the Marks.

**The Infringing Entity**

30. The Infringing Entity was formed on March 1, 2023, with the Illinois Secretary of State.

31. The Infringing Entity markets itself as providing bathroom and kitchen renovation services to residents of Oswego, Illinois and the surrounding area.

32. The Infringing Entity's domain is <newbathllc.com>.

33. The Infringing Entity obtained <newbathllc.com> on April 4, 2023 ("Disputed Domain").

34. The website that resolves from <newbathllc.com> ("Infringing Entity's

Website") claims that the Infringing Entity provides "custom bathroom & kitchen remodeling that transforms your home and lifestyle".

35. The Infringing Entity's Website also claims that it can provide "Installation In As Quick As One Day!"

36. The Infringing Entity's marketing is misleading, as it includes substantive information nearly identical to that used by New Bath Today, but the Infringing Entity does not clearly indicate that it is not affiliated with New Bath Today or Sagehome.

37. Not only is the substance of the Infringing Entity's Website misleading, the manner in which it depicts that information is strikingly similar to New Bath Today's Website.

38. The following examples are captured from the entities' websites on this day of filing:

| **New Bath Today** | **Infringing Entity** |
| --- | --- |
| Website | |
| https://newbathtoday.com/ | https://www.newbathllc.com/ |
| Logos | |
| NEW BATH TODAY | NEW BATH Bathroom & Home Renovations |
| Installation Time | |
|  |  |

| | |
|---|---|
| Customized and Tailored Work | |
| Customized Solutions Tailored to Your Needs | Custom designs tailored to your unique style and space |
| Inspiration Gallery | |
|   |   |

39. Given the use of the Marks and the mimicking attributes emphasized in marketing, consumers are likely to be confused and presume that New Bath Today is the provider for the Infringing Entity's services or that the Infringing Entity is being operated under the approval or control of New Bath Today and therefore Midwest Bath and/or Sagehome.

**Infringing Entity's Failure to Cease and Desist**

40. Sagehome recently discovered the Infringing Entity's use of the Marks.

41. Upon discovery, Sagehome tendered a cease-and-desist letter demanding that the Infringing Entity cease all use of the Marks and to transfer the Disputed Domain to Sagehome. A true and accurate copy of that correspondence and receipt of service is attached hereto as **Exhibit C**.

42. The Infringing Entity received Sagehome's cease and desist letter. Ex. C.

43. Nevertheless, the Infringing Entity has not complied with Sagehome's

cease and desist letter, as it still operates under the name "New Bath LLC"; still owns and has not transferred the Disputed Domain; and still uses the Marks without Sagehome's authority.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

44. Sagehome realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

45. Sagehome is the owner of the Marks and has continuously used them throughout Alabama, Arkansas, Colorado, Connecticut, Florida, Illinois, Indiana, Iowa, Kentucky, Massachusetts, Michigan, Mississippi, Nebraska, Ohio, South Dakota, Tennessee, Texas, Utah, and parts of Wyoming.

46. The Infringing Entity is advertising and providing services under the Marks.

47. The Infringing Entity's use of the Marks in advertising bathroom renovation services is likely to cause consumer confusion, mistake, and deception regarding the origin, sponsorship or affiliation of the Infringing Entity's services and constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

48. The Infringing Entity's conduct has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Sagehome for which it has no adequate remedy at law, entitling Sagehome to injunctive relief pursuant to 15 U.S.C. § 1116, which includes, without limitation, an order directing the Infringing Entity to cease all use of the Marks in its advertising and destroy all existing physical advertising items bearing the same.

49. Sagehome has been and will likely continue to be damaged by the Infringing Entity's conduct in an amount to be determined at trial.

50. The Infringing Entity's intentional, deliberate, and willful use of the Marks, with knowledge of Sagehome's rights renders this case exceptional, entitling Sagehome to an enhanced award of damages as well as reasonable attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**FALSE ASSOCIATION**
**15 U.S.C. § 1125(a)(1)(A)**

51. Sagehome realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

52. Sagehome has a protectable interest in the Marks, which it has used in interstate commerce for almost a decade.

53. The Infringing Entity is advertising and providing services under the Marks.

54. The Infringing Entity's use of the Marks is likely to cause confusion, mistake, and deception regarding an affiliation, connection, or association of the Infringing Entity with New Bath Today and/or Sagehome.

55. The Infringing Entity's conduct has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Sagehome for which it has no adequate remedy at law, entitling Sagehome to injunctive relief pursuant to 15 U.S.C. § 1116, which includes, without limitation, an order directing the Infringing Entity to cease all use of the Marks in its advertising and destroy all existing physical advertising items bearing the same.

56. Sagehome has been and will likely continue to be damaged by the Infringing Entity's conduct in an amount to be determined at trial.

57. The Infringing Entity's intentional, deliberate, and willful use of the Marks, with knowledge of Sagehome's rights renders this case exceptional, entitling Sagehome to an enhanced award of damages as well as reasonable attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117(a).

## COUNT III
## CYBERSQUATTING
## 15 U.S.C. § 1125(d)

58. Sagehome realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

59. Sagehome is the exclusive owner of the Marks.

60. The Marks are in full force and effect.

61. The Disputed Domain was registered by the Infringing Entity in 2023, years after the Marks were established.

62. By registering a domain that is confusingly similar to New Bath Today's, the Infringing Entity had demonstrated its bad faith and intent to profit from the unauthorized use of the Marks and the goodwill associated therewith.

63. Sagehome has been and will likely continue to be damaged by the Infringing Entity's conduct in an amount to be determined at trial.

## COUNT IV
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## 815 ILCS 510/2 *et seq.*

64. Sagehome realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

65. The Infringing Entity has deployed a deceptive trade practice by offering services under the Marks, causing a likelihood of confusion or misunderstanding as to the source of the services.

66. The Infringing Entity's conduct is also likely to cause confusion or misunderstanding as to an affiliation, connection, or association with New Bath Today and/or Sagehome.

67. The Infringing Entity's acts and/or omission constitute unfair trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq.*

68. The Infringing Entity has caused, and unless enjoined will continue to cause, irreparable harm to Sagehome for which it has no adequate remedy at law.

69. Sagehome has been and will likely continue to be damaged by the Infringing Entity's deceptive trade practices in an amount to be determined at trial.

**COUNT V**
**Illinois Consumer Fraud and Deceptive Practices Act**
**815 ILCS 505/2 *et seq.***

70. Sagehome realleges and incorporates by reference paragraphs 1-39 of this Complaint as if fully set forth herein.

71. The Infringing Entity has engaged in unfair and deceptive acts and practices, in commerce, with the intent to cause the public to rely on, and with the effect that the consuming public has relied on, the Infringing Entity's false and misleading misrepresentations.

72. The Infringing Entity's false, deceptive, and misleading use of the Marks has deceived and is likely to continue to deceive consumers.

73. The Infringing Entity's acts and/or omissions constitute deceptive trade

practices in violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 *et seq.*

74. The Infringing Entity's conduct is willful, deliberate, intentional, and in bad faith.

75. Sagehome has been and will likely continue to be damaged by the Infringing Entity's deceptive trade practices in an amount to be determined at trial.

76. The Infringing Entity has caused, and unless enjoined will continue to cause, irreparable harm to Sagehome for which Sagehome has no adequate remedy at law.

**COUNT VI**
**Common Law Trademark Infringement**

77. Sagehome realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

78. Sagehome is the owner of valid trademark registrations in the Marks and has continuously used them in Illinois and other states, years before the Infringing Entity registered with the Illinois Secretary of State.

79. The Infringing Entity's use of the Marks in its advertising and provision of services is likely to cause consumer confusion, mistake, and deception regarding the origin, sponsorship or affiliation and constitutes trademark infringement under the common law of the state of Illinois.

80. The Infringing Entity's conduct has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Sagehome for which it has no adequate remedy at law.

81. Sagehome has been and will likely continue to be damaged by the

Infringing Entity's conduct in an amount to be determined at trial.

**COUNT VII**
**Common Law Unfair Competition**

82. Sagehome realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

83. The Infringing Entity's acts and/or omissions constitute unfair competition under the common law of the state of Illinois.

84. The Infringing Entity's false and deceptive are likely to confuse and deceive the public and already have confused and misled the public.

85. The Infringing Entity's conduct is willful, deliberate, intentional, and in bad faith.

86. Sagehome has been and will likely continue to be damaged by the Infringing Entity's false, deceptive, and misleading representations in an amount to be determined at trial.

87. The Infringing Entity has caused, and unless enjoined will continue to cause, irreparable harm to Sagehome for which Sagehome has no adequate remedy at law.

88. Sagehome has been and will likely continue to be damaged by the Infringing Entity's conduct in an amount to be determined at trial.

**PRAYER FOR RELIEF**

89. Sagehome respectfully requests that the Court:

a. Preliminarily and permanently enjoin Defendant, New Bath LLC, and its officers, agents, employees, attorneys, and all others in active concert or participation with it, from directly or indirectly using the Marks or

any confusingly similar mark in commerce.

b. Require New Bath LLC to:

    i. account for and pay over to Sagehome all profits wrongfully derived by New Bath LLC from its use of the Marks and that such damages be trebled in accordance with 15 U.S.C. § 1117;

    ii. pay to Sagehome such damages as have been suffered by Sagehome and that such damages be trebled in accordance with 15 U.S.C. § 1117;

    iii. pay to Plaintiff the costs of this action, together with Sagehome's reasonable attorneys' fees and disbursements in accordance with 15 U.S.C. § 1117 and 815 ILCS 505/10a(c);

    iv. pay Sagehome the damages to which it is entitled pursuant to common law;

    v. stop using the domain <newbathllc.com> and turn over to Sagehome all rights, authorizations, and/or access to that domain;

    vi. destroy any and all physical merchandise possessed by New Bath LLC that utilizes the Marks;

    vii. provide in verified filing to this Court the manner and form in which New Bath LLC has complied with the terms of any injunction entered by the Court, in accordance with 15 U.S.C. § 1116;

    viii. Provide any other just and proper relief to Sagehome.

**JURY DEMAND**

Sagehome hereby demands a trial by jury on all triable issues.

Dated: October 13, 2026

Respectfully submitted,

*/s/Brooke Smith*
Brooke Smith, Indiana Atty. No. 32427-03
KRIEG DEVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
T: 317-636-4341; F: 317-636-1507
bsmith@kdlegal.com

Scott A. Nehls, Illinois Atty No. 6290318
KRIEG DEVAULT LLP
200 S. Wacker Drive; Suite 600
Chicago, IL 60606
T: 312-651-2438; F: 312-423-9303
snehls@kdlegal.com

*Counsel for Plaintiff Sagehome Brands, LLC*

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to registered parties by operation of the Court's ECF. Parties may access this filing through the Court's system.

*/s/Brooke Smith*
Brooke Smith